USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 12/20/2018

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
                                                              :
ASHLEY D. CARNEY,                                             :
                                 Plaintiff,   :
                                                              :    18 Civ. 713 (LGS)
           -against-                                      :
                                                              :    **OPINION AND ORDER**
BOSTON MARKET,                                                :
                                Defendant.   :
------------------------------------------------------------- X

LORNA G. SCHOFIELD, District Judge:

Pro se Plaintiff Ashley Danielle Carney brings this diversity action against Defendant Boston Market for the emotional distress she endured after being served a meal containing what appeared to be a baby bird's head. The Complaint is construed to raise claims for intentional and negligent infliction of emotional distress. Defendant moves under Federal Rule of Civil Procedure Rule 12(b)(6) to dismiss this action for failure to state a claim. For the following reasons, Defendant's motion is granted.

I. **BACKGROUND**

The facts are taken from the Complaint and Plaintiff's opposition memorandum (collectively, the "Complaint"). *See Coke v. Med., Dep't of Corr. & Cmty. Supervision*, No. 17 Civ. 0866, 2018 WL 2041388, at *1 n. 2 (S.D.N.Y. Apr. 30, 2018) ("[W]hen a *pro se* plaintiff's opposition memoranda raises new allegations that are 'consistent with the allegations' in the Complaint, these allegations may be read as 'supplements to th[e] pleadings.'") (some alteration in original). As required on a motion to dismiss, these facts are accepted as true and construed in the light most favorable to Plaintiff. *Raymond Loubier Irrevocable Tr. v. Loubier*, 858 F.3d 719, 725 (2d Cir. 2017).

On September 23, 2017, Plaintiff went to a Boston Market in Chelsea, New York -- one of Plaintiff's favorite restaurants, which she frequented several times a week. Plaintiff used a "buy one, get one free" coupon to purchase two three-piece meals. The Boston Market employee who prepared Plaintiff's food was a newer employee who appeared hesitant as he prepared the meals. As the employee was taking longer than usual to prepare her food, Plaintiff went to the water fountain to fill her cup. She then picked up her meals, which were ready. That night, Plaintiff ate one of the two meals without incident.

Two days later, Plaintiff warmed up the second meal. After consuming two sides and one of the legs of chicken, Plaintiff noticed that the second leg looked awkward. Upon closer examination, Plaintiff realized that it appeared to be a baby bird's head, complete with a protruding beak and eyes. Plaintiff stopped eating immediately and put the rest of the chicken into the freezer. Plaintiff did not suffer physical injury, but she suffered emotional distress. Plaintiff has not returned to any Boston Market restaurant since the incident.

## II. STANDARD FOR A MOTION TO DISMISS

On a motion to dismiss, a court accepts as true all well-pleaded factual allegations and draws all reasonable inferences in favor of the non-moving party, *Montero v. City of Yonkers, New York*, 890 F.3d 386, 391 (2d Cir. 2018), but gives "no effect to legal conclusions couched as factual allegations," *Stadnick v. Vivint Solar, Inc.*, 861 F.3d 31, 35 (2d Cir. 2017). To withstand a motion to dismiss, a pleading "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

Courts must "liberally construe pleadings and briefs submitted by pro se litigants, reading such submissions to raise the strongest arguments they suggest." *McLeod v. Jewish Guild for the Blind*, 864 F.3d 154, 156 (2d Cir. 2017) (internal quotation marks omitted). "The policy of liberally construing pro se submissions is driven by the understanding that implicit in the right to self-representation is an obligation . . . of the court to make reasonable allowances to protect pro se litigants from inadvertent forfeiture of important rights because of their lack of legal training." *Id.* at 156–57 (internal quotation marks omitted). "We afford a pro se litigant 'special solicitude' by interpreting a complaint filed pro se to raise the strongest claims that it suggests." *Hardaway v. Hartford Pub. Works Dep't*, 879 F.3d 486, 489 (2d Cir. 2018) (internal quotation marks omitted).

## III. DISCUSSION

The Complaint is construed to raise claims for intentional and negligent infliction of emotional distress. New York substantive state law applies to this diversity action. *Principal Nat'l Life Ins. Co. v. Coassin*, 884 F.3d 130, 134 (2d Cir. 2018) ("'Federal courts sitting in diversity cases will, of course, apply the substantive law of the forum State on outcome determinative issues.'"). For the following reasons, the Complaint fails to plead a sufficient claim for intentional or negligent infliction of emotional distress.

### A. Intentional Infliction of Emotional Distress

Under New York law, a claim for intentional infliction of emotional distress has four elements: "(i) extreme and outrageous conduct; (ii) intent to cause, or disregard of a substantial probability of causing, severe emotional distress; (iii) a causal connection between the conduct and injury; and (iv) severe emotional distress." *Chanko v. Am. Broad. Companies Inc.*, 49 N.E.3d 1171, 1178 (N.Y. 2016) (internal quotation marks omitted). With regard to the "extreme

and outrageous conduct" element, courts have found liability "only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Id.* (internal quotation marks omitted). As the New York Court of Appeals has recognized: "the requirements are rigorous, and difficult to satisfy . . . that, of the intentional infliction of emotional distress claims considered by this Court, *every one* has failed because the alleged conduct was not sufficiently outrageous." *Id.* at 57 (emphasis in original) (internal quotation marks omitted).

The Complaint fails to plead "extreme or outrageous conduct" that rises to the exceedingly high level necessary to maintain an intentional infliction of emotional distress claim. Construing the facts in the light most favorable to Plaintiff, on one occasion a Boston Market employee purposefully gave Plaintiff, a loyal customer, a chicken piece containing a baby bird's head -- including a protruding beak and eyes. Although this behavior is upsetting and not to be condoned, this situation is "not so extreme and outrageous as to satisfy [New York's] exceedingly high legal standard." *Chanko*, 27 N.Y.3d at 57–58 (not sufficiently extreme or outrageous conduct to video tape and later air the death of patients without consent of the patient or family members); *see also Carlos Quiles & Carlos Rodriguez v. City of New York*, No. 15 Civ. 1055, 2016 WL 6084078, at *14 (S.D.N.Y. Oct. 12, 2016) (citing *Roberts v. Pollack*, 461 N.Y.S.2d 272, 277 (1st Dep't 1983)) (a claim for intentional infliction of emotional distress "fails where a plaintiff alleges only one instance of the allegedly aggravating conduct"); *compare Davila v. Sleepy's, LLC*, 37 N.Y.S.3d 525 (1st Dep't 2016) (not sufficiently extreme or outrageous conduct where a family sustained bedbug bites after purchasing a mattress from the defendants) *with Sawicka v. Catena*, 79 A.D.3d 848, 849–850, 912 N.Y.S.2d 666 (2d Dep't

2010) (sufficiently extreme and outrageous for a male employee to install a video camera in a workplace restroom that recorded female employees).

Accordingly, the Complaint fails to plead sufficiently outrageous or extreme conduct to give rise to an intentional infliction of emotional distress claim, and the claim is dismissed.

### B. Negligent Infliction of Emotional Distress

New York recognizes two settled theories of negligent infliction of emotional distress: (1) the bystander theory and (2) the direct duty theory. *Baker v. Dorfman*, 239 F.3d 415, 421 (2d Cir. 2000) (applying New York law); *accord Mizrahi v. City of New York*, No. 15 Civ. 6084, 2018 WL 3848917, at *28 (E.D.N.Y. Aug. 13, 2018). Under a bystander theory, a plaintiff is entitled to recover damages if

> a defendant's conduct is negligent as creating an unreasonable risk of bodily harm to a plaintiff and such conduct is a substantial factor in bringing about injuries to the plaintiff in consequence of shock or fright resulting from his or her contemporaneous observation of serious physical injury or death inflicted by the defendant's conduct on a member of the plaintiff's immediate family in his or her presence, the plaintiff may recover damages for such injuries.

*Bovsun v. Sanperi*, 461 N.E.2d 843, 844 (N.Y. 1984); *accord Thompson v. Dhaiti*, 959 N.Y.S.2d 522, 523 (2d Dep't 2013). "Under the 'direct duty' theory, a plaintiff suffers emotional distress caused by 'defendant's breach of a duty which unreasonably endangered [plaintiff's] own physical safety.'" *Baker*, 239 F.3d at 421; *see also Borrerro v. Haks Grp., Inc.*, No. 2017 Civ. 04616, 2018 WL 5624051, at *3 (2d Dep't 2018) ("A cause of action to recover damages for negligent infliction of emotional distress generally requires a plaintiff to show a breach of a duty owed to him [or her] which unreasonably endangered his [or her] physical safety, or caused him [or her] to fear for his [or her] own safety.") (alterations in original). "[T]he unreasonable endangerment element of a cause of action for negligent infliction of emotional distress involves an objective inquiry turning on whether a plaintiff's physical safety actually was endangered, not

5

a subjective evaluation dependent on the plaintiff's state of mind." *Torain v. Casey*, No. 16 Civ. 2682, 2016 WL 6780078, at *6 (S.D.N.Y. Sept. 16, 2016), *report and recommendation adopted*, 2016 WL 6775440 (S.D.N.Y. Nov. 14, 2016) (alteration in original). "The duty in such cases must be specific to the plaintiff, and not some amorphous, free-floating duty to society." *Mortise v. United States*, 102 F.3d 693, 696 (2d Cir. 1996); *accord Thomas v. City of New York*, No. 17 Civ. 06079, 2018 WL 5791965, at *13 (E.D.N.Y. Nov. 5, 2018).

In addition, "New York recognizes a cause of action where there is 'an especial likelihood of genuine and serious mental distress, arising from . . . special circumstances, which serves as a guarantee that the claim is not spurious.'" *Baker*, 239 F.3d at 421 (alteration in original) (quoting *Johnson v. State*, 334 N.E.2d 590, 592 (N.Y. 1975)). These special circumstances include, for example, being negligently misinformed by a hospital of the death of a parent, *see Johnson*, 372 N.E.2d at 593, a negligent positive result on an HIV test, *Baker*, 239 F.3d at 422, or mishandling the remains of a loved one resulting in the need for cremation due to the passage of time, *see Jones v. City of New York*, 915 N.Y.S.2d 73, 74 (1st Dep't 2011).

The Complaint fails to plead negligent infliction of emotional distress under these theories. First, the bystander theory is inapplicable because the Complaint does not allege a serious injury or death of a family member. Second, the direct duty theory does not apply because -- even though Plaintiff suffered emotional distress -- the Complaint does not plausibly allege that the chicken specimen unreasonably endangered Plaintiff's physical safety. Although the Complaint alleges that Plaintiff's physical safety was at risk, this bare assertion is unexplained and unsupported. *See Torain*, No. 16 Civ. 2682, 2016 WL 6780078, at *6 (dismissing a claim for negligent infliction of emotional distress where the plaintiff "[had] not alleged any facts from which it would be possible to conclude that he was in immediate []

physical danger"). Finally, the facts of this case are not akin to the "special circumstances" cases, which involve misinforming a plaintiff of the death of a loved one, falsely informing a plaintiff of a serious medical diagnosis and other instances of comparable gravitas not present in this case. For these reasons, the Complaint fails to plead a sufficient claim for negligent inflection of emotional distress, and the claim is dismissed.

If Plaintiff believes that she can sufficiently replead her intentional or negligent infliction of emotional distress claims, she may file a letter application (by sending it to the Pro Se Intake Office), not to exceed three single-spaced pages, describing how she would amend the Complaint to comply with the applicable legal requirements -- including how Plaintiff's physical safety was unreasonably endangered. Any such application for leave to replead shall be filed as provided below.

## IV. CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss is GRANTED. If Plaintiff seeks to file an amended complaint, she shall file a letter application as described above no later than **January 21, 2019.** Pre-motion letters and a pre-motion conference are unnecessary.

The Clerk of Court is respectfully directed to close the motion at Docket Number 29 and to mail a copy of this Opinion and Order to pro se Plaintiff.

Dated: December 20, 2018
New York, New York

_____
LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE