UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
    ASHLEY D. CARNEY,

                       Plaintiff,

            -against-

    BOSTON MARKET, ET AL.,

                       Defendants.
------------------------------------------------------------ X

18 Civ. 713 (LGS)

OPINION AND ORDER

LORNA G. SCHOFIELD, District Judge:

       Pro se Plaintiff Ashley D. Carney brings this diversity action against Defendants Boston Market and an unidentified employee of Boston Market alleging that Defendants breached the implied warranty of merchantability when they served her a meal containing what she believes to be a baby chicken. For the following reasons, Defendants' motion for summary judgment is granted in part and denied in part.

**I.    BACKGROUND AND PROCEDURAL HISTORY**

       The following facts are drawn from the record and are undisputed. In September 2017, Plaintiff purchased two three-piece chicken meals from Defendant Boston Market in New York City for $11.63. Plaintiff ate one of the meals on the day she purchased it and placed the other in her refrigerator. Two days later, Plaintiff removed that meal from her refrigerator and heated it in her microwave. Plaintiff consumed a portion of the meal but did not consume the portion she claims is a baby chicken. Plaintiff took pictures of the portion of the meal she believes to be a baby chicken and saved it in her freezer.

Plaintiff filed her initial complaint on January 24, 2018. The initial complaint was construed to raise claims for intentional and negligent infliction of emotional distress. On December 20, 2018, both claims were dismissed for failure to state a claim. The initial complaint failed to allege "extreme and outrageous conduct" sufficient to raise an intentional infliction of emotional distress claim and failed to allege a danger to Plaintiff's physical safety or special circumstances to raise a negligent infliction of emotional distress claim. Plaintiff filed a proposed amended complaint on February 22, 2019. On March 28, 2019, Plaintiff's request to replead intentional or negligent infliction of emotional distress was denied, but she was granted leave to amend the complaint to assert a claim for breach of the implied warranty of merchantability. On November 9, 2020, after discovery was completed, Defendants filed the instant motion for summary judgment.

## II. STANDARD

Summary judgment is appropriate where the record establishes "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). There is a genuine dispute as to a material fact "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *accord Electra v. 59 Murray Enters.*, 987 F.3d 233, 248 (2d Cir. 2021). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Liberty Lobby*, 477 U.S. at 248; *accord Saleem v. Corp. Transp. Grp.*, 854 F.3d 131, 148 (2d Cir. 2017).

The court must construe the evidence in the light most favorable to the nonmoving party and must draw all reasonable inferences in favor of the nonmoving party. *Liberty Lobby*, 477

U.S. at 255; *accord Electra*, 987 F.3d at 248.  When the movant properly supports its motion with evidentiary materials, the opposing party may establish a genuine issue of fact only by "citing to particular parts of materials in the record."  Fed. R. Civ. P. 56(c)(1)(A).  "[A] party may not rely on mere speculation or conjecture as to the true nature of the facts to overcome a motion for summary judgment."  *Fed. Trade Comm'n v. Moses*, 913 F.3d 297, 305 (2d Cir. 2019) (internal quotation marks omitted).

Pro se litigants are afforded "special solicitude . . . particularly where motions for summary judgment are concerned."  *Harris v. Miller*, 818 F.3d 49, 57 (2d Cir. 2016) (citation and internal quotation marks omitted); *accord Falls v. Pitt*, No. 16 Civ. 8863, 2021 WL 1164185, at *10 (S.D.N.Y. Mar. 26, 2021).  Still, "proceeding pro se does not otherwise relieve a litigant of the usual requirements of summary judgment, and a pro se party's bald assertions unsupported by evidence . . . are insufficient to overcome a motion for summary judgment."  *Parker v. Fantasia*, 425 F. Supp. 3d 171, 183 (S.D.N.Y. 2019) (internal quotation marks omitted).

## III. DISCUSSION

### A. Requests to Exclude

Plaintiff and Defendants request exclusion of certain evidence.  Plaintiff seeks to exclude her deposition testimony and Defendants' expert report from Jack Parker ("Parker Report").  Defendants seek to exclude the errata sheet Plaintiff submitted with the transcript of her deposition testimony.  For the following reasons, the requests are denied.

Plaintiff's request to exclude her deposition testimony is denied.  Plaintiff seeks to exclude Defendants' reliance on her deposition testimony because Defendants failed to provide Plaintiff's errata sheet in their moving papers.  Defendants respond that this omission was inadvertent and correctly state that the omission was harmless because Plaintiff submitted the

errata sheet.  Because Plaintiff submitted the errata sheet, which cured the issue she contests, her motion to exclude her deposition is denied.

Defendants' request to exclude the errata sheet attached to Plaintiff's deposition is denied.  Defendants seek to exclude the errata sheet because Plaintiff made an audio recording of the deposition without providing notice.  Defendants argue Plaintiff used the errata sheet to "correct non-substantive testimony."  Because the errata sheet does not impact substantive testimony and Defendants do not identify any specific portion of the errata sheet that is improper, their motion to exclude the errata sheet is denied.

Plaintiff's request to exclude the Parker Report is denied.  First, Plaintiff argues that Parker has a conflict of interest because he previously worked for Tyson, which is the distributor of Boston Market's chicken.  Plaintiff does not offer any reason why Parker's former employment creates a present conflict of interest.  In any event, Parker's potential bias is something for the factfinder to assess at trial and not a basis to exclude Parker's testimony.  *See Int'l Cards Co. v. Mastercard Int'l*, No. 13 Civ. 2576, 2016 WL 7009016, at *8 (S.D.N.Y. Nov. 29, 2016) (holding that employee of defendant could testify as an expert); *accord Disabled in Action v. City of N.Y.*, 360 F. Supp. 3d 240, 251 (S.D.N.Y. 2019).  Second, Plaintiff seeks to exclude the Parker Report for being unreliable because Parker relied on Plaintiff's photographs of the chicken at issue rather than observing the chicken directly.  Plaintiff fails to explain how Parker's reliance on the photos that she took renders his analysis of those photos unreliable.  The *Disabled in Action* case, which Plaintiff cites, involved different circumstances.  The expert in *Disabled in Action* admitted that he made various assumptions based on pure conjecture. *Disabled in Action*, 360 F. Supp. 3d at 247.  In this case, no similar assumptions by Parker are identified.  The other arguments for excluding the Parker Report are not legally sufficient.

B.   **Summary Judgment and the Merits**

Defendants' motion for summary judgment is denied in part because a triable issue exists as to whether Plaintiff was served a baby chicken or a chicken leg. "To establish that a product is defective for purposes of a breach of implied warranty of merchantability claim, a plaintiff must show that the product was not reasonably fit for [its] intended purpose." *Wojcik v. Empire Forklift, Inc.*, 783 N.Y.S.2d 698, 699 (3d Dep't 2004) (internal quotation marks omitted); *accord Colpitts v. Blue Diamond Growers*, No. 20 Civ. 2487, 2021 WL 981455, at *17 (S.D.N.Y. Mar. 16, 2021); *see also* N.Y. U.C.C. Law § 2-314(2)(c) (providing that goods to be merchantable should be "fit for the ordinary purposes for which such goods are used"). That inquiry "focuses on the expectations for the performance of the product when used in the customary, usual and reasonably foreseeable manners." *Denny v. Ford Motor Co.*, 662 N.E.2d 730, 736 (N.Y. 1995); *accord Dunham v. Covidien, LP*, 498 F. Supp. 3d 549, 561-62 (S.D.N.Y. 2020).

Conflicting evidence exists as to whether Plaintiff was served a baby bird. Plaintiff proffers photos of the chicken at issue, which she has retained. Plaintiff contends that the defendant who is an unidentified employee could have intentionally served her the chicken at issue because of a dispute she was having with a neighbor. Plaintiff saw the neighbor near the restaurant after she purchased her two meals. Defendants offer an expert who opines that the chicken is a chicken leg based on a review of the photos. Defendants characterize Plaintiff's deposition testimony -- in which Plaintiff admits there is a possibility the chicken is not a baby chicken -- as contradicting her claim that the chicken is a baby bird. That Plaintiff is not certain the chicken is a baby bird does not contradict her claim. Drawing all inferences in Plaintiff's favor, a reasonable factfinder could conclude that the chicken is a baby chicken.

C. **Summary Judgment and Damages**

Damages are the amount of money recoverable on a legal claim. Defendants' motion for summary judgment on damages is denied because a reasonable jury could award nominal damages or actual damages, as explained below. Defendants' request for summary judgment on Plaintiff's requests for "emotional distress," "pain and suffering" and punitive damages is granted because these types of damages generally are not available on a claim of breach of warranty of merchantability, which is a type of contract claim and the only surviving claim in this case.

Emotional distress damages generally are not available for contract claims. *Perlbinder v. Vigilant Ins. Co.*, 141 N.Y.S.3d 141, 147-48 (2d Dep't 2021) (citing *Wehringer v. Standard Sec. Life Ins. Co.*, 440 N.E.2d 1331, 1332 (N.Y. 1982). There are limited exceptions to this rule, such as "a willful breach accompanied by egregious and abusive behavior." *See Brown v. Gov't Emps. Ins. Co.*, 66 N.Y.S.3d 733, 736 (3d Dep't 2017) (citing *Johnson v. Jam. Hosp.*, 467 N.E.2d 502, 504 (N.Y. 1984)). In nearly every such case the "breach has been wil[l]ful" and "accompanied by wanton conduct, such as foul language, abuse of the plaintiff, accusations of immorality, and special circumstances of humiliation and indignity." *Johnson*, 467 N.E.2d at 504 (quoting 5 CORBIN, CONTRACTS § 1076). The record in this case does not contain evidence from which a reasonable factfinder could find wanton conduct.

The record also lacks evidence that could support an award of punitive damages. For a plaintiff to recover punitive damages on a contract claim, a defendant's conduct must be (1) actionable as an independent tort, (2) egregious, (3) directed to plaintiff, and (4) part of a pattern directed at the public generally. *In re Part 60 Put-Back Litig.*, 165 N.E.3d 180, 192 (N.Y. 2020). There is no evidence that Defendants' conduct was egregious, abusive or directed

to the public.  Without evidence suggesting egregious conduct, the claims for punitive damages and damages based on emotional distress and pain and suffering cannot proceed.  Further, as stated above, the tort claims against Defendants were previously dismissed.

Defendants' argument that the entire case should be dismissed for lack of damages is unavailing.  The damages (or amount recoverable) for breach of the warranty of merchantability are generally the difference between the value of the goods if they had been as expected and the value of the goods given to the buyer.  N.Y. U.C.C. Law § 2-714(2); *see Shuldman v. DaimlerChrysler Corp.*, 768 N.Y.S.2d 214, 217 (2d Dep't 2003) (recognizing that a plaintiff may recover damages for breach of an implied warranty under N.Y. U.C.C. Law §§ 2-714, 2-715).  In this case, the most generous interpretation of damages would assign the value of the chicken meal at $11.63 (the amount paid), and the value of what Plaintiff received at $0.  Using these values, the maximum amount of Plaintiff's recovery would be $11.63.  Also, a plaintiff suing for breach of contract can seek nominal damages.  *See Kronos, Inc. v. AVX Corp.*, 612 N.E.2d 289, 292 (N.Y. 1993) ("Nominal damages are always available in breach of contract actions."); *accord Perry v. McMahan*, 84 N.Y.S.3d 508, 510 (2d Dep't 2018).  While nominal damages (typically one dollar) or actual damages (here up to $11.63) are far from the damages sought in the Amended Complaint, they are enough to sustain a claim.  *See Perry*, 84 N.Y.S. 3d at 510 (upholding award of nominal damages for breach of contract in the sum of one dollar where the jury found no actual damages and noting that actual damages are not essential to a breach of contract action).

If Defendants are willing, they can tender complete relief to Plaintiff in the sum of $11.63 to resolve the action.  *See Radha Geismann, M.D., P.C. v. ZocDoc, Inc.*, 909 F.3d 534, 542 (2d Cir. 2018) ) ("[W]here a defendant surrenders to complete relief in satisfaction of a plaintiff's

claims, the district court may enter default judgment against the defendant -- even without the plaintiff's agreement thereto." (internal quotation marks omitted)), *cert. denied*, 139 S. Ct. 1605 (2019); *accord Bais Yaakov of Spring Valley v. Educ. Testing Serv.*, No. 13 Civ. 4577, 2021 WL 323262, at *2-3 (S.D.N.Y. Feb. 1, 2021).

## IV. CONCLUSION

For the foregoing reasons, Defendants' motion for summary judgment is denied in part and granted in part. Plaintiff's requests for (1) emotional distress, (2) pain and suffering and (3) punitive damages are dismissed. If Defendants intend to tender complete relief to Plaintiff, they shall do so and file a motion for default judgment by June 10, 2021. If they do not do so, the Court will set a date for trial.

The Clerk of Court is respectfully directed to terminate the motion at Dkt. No. 110.

Dated: May 27, 2021
      New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE

8